CLEVELAND SKATES V. STATE

No. 34,028.  January 10, 1962
Motion for Rehearing Overruled February 28, 1962

*M. D. Emerson,* Paris, for appellant.

*Jim N. Thompson,* County Attorney, Paris, and *Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

The conviction is for misdemeanor theft by false pretext; the punishment, five days in jail and a fine of $100.

About 1 A.M., the appellant, a city police lieutenant, and Officer Kemp stopped and searched an automobile in which Elton Crabtree, Ralph Reese, Bobby Collier, David Smith and Doyle Cameron were riding. Some of them had been drinking beer. The officers found a case and a six-pack of beer in the boys' car which they took and placed in their car. Cameron and Collier, while testifying, identified the appellant as one of the two officers who stopped and searched their car. The testimony shows that "they" (referring to the officers) first said that Ralph Reese and Elton Crabtree were to be fined $17 each. When this sum could not be raised, "they" said "they" would let them go for $15 each. Crabtree, the alleged injured party, testified that he knew the money was for a fine which he had to pay, gave his billfold containing $20 to his companion Doyle who then and there paid one of the officers his fine of $15, receiving $5 back; and, that this whole transaction occurred on a public street where the officers had stopped them. Then the officers followed them to the city limits as they left going to their homes outside the city.

Officer Kemp testified that he was in the patrol car with the appellant when they stopped the automobile in which the four young men were riding; that some of them had been drinking and had beer in the car, and he got no part of it; that no arrests were made, that he saw no money change hands, and that they followed the car as these persons left town to near the city limits. Then the appellant gave him $15 which appellant indicated was part of the fine, and that he later threw the money and the beer under a culvert.

The chief of police testified that he was the custodian of all of the reports of arrest by the city officers, the money paid for

fines and what the fines are paid for; and that such records did not show that Elton Crabtree and Ralph Reese paid any fines.

Testifying in his own behalf, the appellant denied his presence or participation in the occurrence as related by the state witnesses Crabtree, Collier, Cameron, Smith and Officer Kemp. According to his testimony, he was at home during this period of time. He called several witnesses who corroborated his testimony.

Appellant insists that error was committed during the cross-examination of the state's witness Cameron as to the identity of the appellant. The basis of this complaint is that Cameron volunteered a non-responsive statement of an occurrence at a hearing before the Civil Service Commission. The statement complained of was that "they brought a picture and I pointed the picture out. They brought a picture in there." To which statement there was no objection, or motion to strike or a motion for a mistrial. On re-direct examination, the attorney for the state said to Cameron, "you referred to something about a picture of Lt. Skates (appellant)." To which appellant objected on the ground that it was an attempt to bolster the witness and was prejudicial. Although the objection was overruled, the witness never gave any testimony pertaining to the picture. The nature of the statement or the question on re-direct examination does not show error.

He further insists that the court erred in permitting the state, in rebuttal, to recall the witness Cameron and prove by him that the appellant was one of the officers "down there that night", over his objection that it was an attempt to bolster its witness and was prejudicial. From the record, it is concluded that the trial judge did not abuse his discretion in permitting the state to recall and make the proof complained of by the witness Cameron. Art. 643 V.A.C.C.P.; 42 Texas Juris. 100, Sec. 73; 44 Texas Juris. 1184, Sec. 171.

Appellant complains that the court's charge instructed the jury: "Among other things that if the defendant obtained possession of the money by representing to Elton Crabtree at the time that he, the said Elton Crabtree, was assessed a fine in the sum of $15, and that such money would be applied to the payment of such fine * * *" He objected to the instruction on the ground that there was no evidence authorizing the submission of this issue.

The single count indictment was in the form ordinarily used

for charging felony theft. The court in submitting the case as one of theft by false pretext, among other findings, required the jury to find the facts as set out in appellant's objections shown above before they could find him guilty. The evidence was sufficient to authorize the submission of such issue to the jury. In this objection, there appears no error.

The appellant further objected to the court's charge on accomplice testimony "for the reason that the same does not require that the corroborating evidence tend to connect the defendant with the commission of the offense charged and not merely with the offense".

An examination of the court's charge on accomplice testimony shows that it is substantially the same as the charge set out in 2 Branch's Ann. P.C. 2d 44, Sec. 747(1). Authorities are cited in support of this charge, hence no error is shown. It is observed that, excluding the testimony of the accomplice, the evidence is sufficient to sustain the conviction.

The appellant also objects to the part of the court's charge saying that "the said Elton Crabtree, or *other person* holding the same for him, parted with the possession of such money as a result of and in reliance on such representation, if any, of the said Cleveland Skates." He urges that such a charge would allow the jury to find the appellant guilty of taking money from the injured party upon a finding that the "other person" paid the money as a result of the representations made to the "other person", and his reliance thereon.

The evidence shows that the "other person" was present and merely aiding the injured party in paying his fine. In considering the charge as a whole, it is clear that the reliance mentioned did not apply to the "other party", and that his connection, according to the evidence, could not be construed as appellant insists. Hence, no reversible error is presented. Art. 666 V.A.C.C.P.

In his brief, appellant insists that if the evidence shows the commission of any offense it is not theft, but that of misapplication of city funds, a failure to report collections, bribery, or failure to arrest an offender, hence this conviction cannot stand.

There being evidence sufficient to support a conviction for the offense charged in the indictment, we need not consider whether the evidence was such as would also sustain a conviction for some other offense.

The evidence is sufficient to support the jury's finding, and no error appearing, the judgment is affirmed.

Opinion approved by the Court.